IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT E. DORTCH (#B64078), | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11-cv-0841-MJR |
| | ) |
| RANDY DAVIS, | ) |
| CHRIS BROWN, | ) |
| DR. LARSON, and | ) |
| DR. SHEPPARD, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON THRESHOLD REVIEW**

REAGAN, District Judge:

**A.   Introduction**

While confined at Pinckneyville Correctional Center (PCC) within this Judicial District, Robert Dortch filed a lawsuit in this Court under 42 U.S.C. 1983. The complaint names four Defendants – the Warden of PCC (Randy Davis), the Healthcare Administrator of PCC (Chris Brown), and two doctors who saw Dortch at PCC (Dr. Larson and Dr. Sheppard) – and asserts a host of claims centering on Dortch's medical treatment at PCC. Dortch was granted pauper status but denied (without prejudice to later renewing his request) a motion for appointment of counsel.

The case comes now before the Court for threshold review pursuant to 28 U.S.C. 1915A, which provides that the district court must promptly review complaints in which a prisoner seeks redress from a governmental entity or employee, must identify cognizable claims in the complaint, and must dismiss any complaint that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

On review under § 1915A, as with dismissal motions under Federal Rule of Civil Procedure 12(b)(6), the district court's task is to determine whether the complaint states a claim to relief that is plausible on its face. *Khorrami v. Rolince*, 539 F.3d 782, 788 (7th Cir. 2008); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). In making this determination, the Court construes the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible

inferences in his favor. *Hecker v. Deere & Co.,* **556 F.3d 575, 580 (7th Cir. 2009),** *cert. denied,* **130 S. Ct. 1141 (2010).** This Court also bears in mind that pro se complaints must be liberally interpreted, and held to a "less stringent standard than formal pleadings drafted by lawyers." *Maddox v. Love,* **655 F.3d 709, 718 (7th Cir. 2011).**

So construing Dortch's complaint, as described below, the Court concludes that, as to all four Defendants, the complaint articulates a colorable claim for deliberate indifference to serious medical needs, in contravention of the Eighth Amendment to the United States Constitution.

### B.     Analysis

Dortch alleges the following. Immediately upon his arrival at PCC from Stateville Correctional Center, Dortch notified medical personnel of his medical condition and needs, alerting all four Defendants that he suffered from chronic sleep apnea and diabetes. During his medical intake screening, Dortch stressed that he required a CPAP machine to breathe properly during sleep, and he suggested personnel contact the prison where he had been diagnosed eight years previously, for records to support his condition. Dortch was referred to Healthcare Administrator Chris Brown, to whom Dortch explained that without the CPAP machine, he experiences chest pain and mental disorientation, and he could die in his sleep from halted breathing.

Dortch continued to request the CPAP machine (both orally and via written "emergency medical grievances") for at least three months. His requests for a CPAP machine were denied or ignored, and Dortch was expressly told that his sleep apnea would not be treated at PCC. During the months without the CPAP machine, Dortch repeatedly experienced difficulty breathing, so much so that he had to push his emergency call button in his cell. No one ever responded to these emergency call button alerts, and Defendants failed to follow up on the emergency grievances.

Ultimately, Dortch's family purchased him a CPAP machine, which Defendants held for a week, further delaying any relief for Dortch's pain and discomfort. When Dortch finally was allowed to use the CPAP machine, Chris Brown refused to let Dortch have the distilled water needed for proper use of the CPAP, advising Dortch: "That's not going to happen!" (Complaint, ¶ 16). After six months of being denied the distilled water, Dortch obtained help from a nurse practitioner (by which time, however, the CPAP was damaged from the use of non-distilled water and not working optimally). The denial and delay in treating Dortch's condition caused him to suffer sleep deprivation, "fear of dying," and ongoing physical pain.

Dortch's complaint (following a statement of facts and other introductory sections) is loosely organized into counts, marked I, II, IV and III (in that order), and requests compensatory damages, punitive damages, and injunctive relief. He alleges or

references various constitutional violations (including the fact it was Defendants' responsibility to protect him from violence at the hands of other prisoners and protect him from the destruction of his personal property). The complaint survives 1915A review only as to Dortch's claim for deliberate indifference to serious medical needs, cognizable under the Eighth Amendment.

In *Roe v. Elyea,* **631 F.3d 843, 856-58 (7th Cir. 2011),** the United States Court of Appeals for the Seventh Circuit reiterated the standards governing Eighth Amendment claims brought by prisoners like Dortch. The Court began with the principle that the Eighth Amendment's prohibition against cruel and unusual punishment embodies broad idealistic concepts of civilized standards, humanity and decency. The Court then noted that the Eighth Amendment safeguards prisoners against a lack of medical care that may result in pain and suffering which serves no penological purpose. Accordingly, "deliberate indifference to serious medical needs" of a prisoner constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution. *Id., quoting Rodriguez v. Plymouth Ambulance Serv.,* **577 F.3d 816, 828 (7th Cir. 2009).**

"A successful deliberate indifference claim is comprised of both an objective and a subjective element." *Roe,* **631 F.3d at 857,** *citing Farmer v. Brennan,* **511 U.S. 825, 834 (1994).** So, to state a deliberate indifference claim upon which relief can be granted, an inmate must allege both that, objectively, the deprivation he suffered was sufficiently serious (i.e., it resulted in the denial of the minimal civilized measure of life's necessities, *see Walker v. Benjamin,* **293 F.3d 1030, 1037 (7th Cir.2002)**), and that prison officials acted with a sufficiently culpable state of mind to support § 1983 liability, *see Greeno v. Daley,* **414 F.3d 645, 653 (7th Cir. 2005).** A medical need is deemed sufficiently serious if, inter alia, the inmate's condition has been diagnosed by a physician as requiring treatment. *Greeno,* **414 F.3d at 653.** The condition need not be life-threatening to be serious. *Roe,* **631 F.3d at 857,** *quoting Gayton v. McCoy,* **593 F.3d 610, 620 (7th Cir. 2010).** Prolonged, unnecessary pain can support a deliberate indifference claim, as can delayed treatment; and even a short delay may suffice if a condition is severely painful and readily treatable. *Smith v. Knox County Jail,* **666 F.3d 1037, 1039-40 (7th Cir. 2012);** *Edwards v. Snyder,* **478 F.3d 827, 830-31 (7th Cir. 2007).** Dortch's complaint sufficiently alleges deliberate indifference to his serious medical needs.

Section 1983 creates a cause of action based on personal liability and predicated upon fault. Liability does not lie unless the individual defendant caused or participated in the constitutional deprivation. *See Kuhn v. Goodlow,* **678 F.3d 552, 555-56 (7th Cir. 2012);** *Vinning-El v. Evans,* **657 F.3d 591, 592 (7th Cir. 2012).** Section 1983 "does not establish a system of various liability," *Burks v. Raemisch,* **555 F.3d 592, 593-94 (7th Cir. 2009),** and it "has long been established that there is no respondeat superior liability under section 1983," *Rodriguez,* **577 F.3d at 822).** In the instant case, Dortch alleges personal involvement by Warden Davis sufficient to pass threshold review.

C. **Conclusion**

**Surviving 1915A review are Plaintiff's Eighth Amendment claims against the four named Defendants, based on deliberate indifference to Plaintiff's medical needs.**

The Clerk of Court **SHALL PREPARE** for Defendants DAVIS, BROWN, LARSON AND SHEPPARD the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. If Plaintiff is incarcerated in a correctional facility that participates in the Electronic Filing Program, service may be made in accordance with General Order 2010-1 describing service under that program. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings. Furthermore, this entire matter is **REFERRED** to **United States Magistrate Judge Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time he moved under 28 U.S.C. § 1915 for leave to commence this civil action without prepaying fees and costs, he was deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. *See* **Local Rule 3.1(c)(1).**

Finally, Plaintiff is **REMINDED that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address.** The Court will not independently investigate Plaintiff's whereabouts in the attempt to provide copies of Court Orders or other pleadings. Plaintiff shall NOTIFY the Court of any address change in writing not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

IT IS SO ORDERED.

DATED August 13, 2012.

s/ *Michael J. Reagan*
Michael J. Reagan
United States District Judge